# MATHEW J. MARI
ATTORNEY AT LAW

30 WALL STREET - 8TH FLOOR
NEW YORK, NEW YORK 10005
DIRECT: (212) 227-5335 • OFFICE: (212) 804-5737
FAX: (718) 836-2518 • mjmesq@aol.com

June 11, 2014

**FILED BY ECF**

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: **United States v. Joseph Basciano**
Docket No. S 13 Cr. 340 (RJS)

Dear Judge Sullivan:

This letter is written pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure. It sets forth Joseph Basciano's objections to the Presentence Report and his sentencing recommendation. Joseph Basciano requests that the court impose a sentence at variance with the guidelines pursuant to the court's authority under *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553 (a).

### I. Preliminary Note
In the post-*Booker* era, the court is required to impose a sentence which is sufficient but not greater than necessary to achieve the sentencing goals of Congress. *Gall v. United States*, 552 U.S. 38 (2007). In this case, Joseph Basciano requests that the court impose a sentence of 12 months by granting him the benefit of the proposed 2 level reduction for all drug offenses, via imposing a sentence at variance with the Guidelines. Mr. Basciano also requests that the Court consider a sentence lower than 12 months pursuant to the Court's authority under 18 U.S.C. § 3553 (a).

### II. Background/Guilty Plea
On February 24, 2014 Joseph Basciano appeared before the Honorable Richard J. Sullivan and plead guilty as charged in S7 13 CR 340-09 to conspiracy to distribute and possession with intent to distribute marijuana (PSR, Para.15). He has done well under pretrial supervision (PSR, Para. 16). His criminal conduct is described as selling marijuana to defendant Valentine who had a marijuana route in Westchester County and who had been involved in an ongoing conspiracy to

1

possess and sell marijuana with defendants Bruno and Larca and cooperator Zoccolillo. The government alleges that defendant Joseph Basciano conspired with Valentine and Larca for approximately one month. The conspiracy is responsible for 20 to 40 kilograms according to the government (PSR, Para.27). The government alleges that from February 2012 to April 2013 that Valentine purchased marijuana at different times from Bruno, Zoccolillo, and finally from Joseph Basciano allof whom the government alleges received the marijuana from Larca. Joseph Basciano was arrested on September 18, 2014 in the Bronx when he self surrendered after learning that agents had been to his home earlier in the morning.

### III. Objections To The Presentence Investigation Report

The Presentence Investigation Report, ("P.S.R.") guideline analysis and calculation are in accordance with that which is set forth in the plea agreement. The P.S.R. concludes that the total offense level is 15 and a Criminal History of I yields a guideline range of 18 to 24 months imprisonment. As a result, Joseph Basciano does not have any objection to the guideline calculation. Joseph Basciano does not have any material objection to those remaining sections of the P.S.R. that set forth the offense conduct in Part A, the defendant's criminal history in Part B, or the offender characteristics in Part C. Joseph Basciano does object to the P.S.R. in reference to page nine, paragraph 39 in that he personally did not handle 20-40 kilograms of marijuana. For the purposes of the plea agreement he accepts the government's representation that the conspiracy was responsible for 20-40 kilograms of marijuana.

### III. The Defendant's recommendations for sentencing.

Pursuant to 18 U.S.C. 3553 the defendant Joseph Basciano requests that the Court consider the across-the-board two level reduction for all drug offenses that the United States Sentencing Commission recently proposed for Congressional approval.
On January 9, 2014, the United States Sentencing Commission voted to publish proposed amendments to the federal sentencing guidelines which include an across-the board reduction in the sentences recommended for all federal drug offenses. The proposed amendment lowers by two levels the base offense levels in the Drug Quantity Table across drug types in guideline §2D1.1. The amendment is scheduled to go into effect on November 1, 2014.
As a result, Joseph Basciano requests that the court either lower his base offense guideline level by two levels from level 15 (based upon the weight analysis of 20 kilograms but less than 40 kilograms of marijuana) to level 13, pursuant to Guideline 2D1.1[c]; or reflect the two levels in a sentence at variance with the guidelines.
The application of the proposed amendment in this case results in an adjustment which lowers the guideline sentence in the P.S.R. from level 15 to level 13, yielding a guideline range of 12 to 18 months. If the Court agrees, then defendant Basciano will waive his right to seek a two level reduction under 18 U.S.C Section 3582 after the proposed guideline reduction goes into effect. See attached Exhibits A and B in relation to the government's change in policy relating to drug cases like this one and defendants like Joseph Basciano.

## V. Conclusion

For all of the reasons set forth above, the defendant, Joseph Basciano, suggests to the Court that as a result of his plea agreement and the pending amendment to Section 2D1.1 of the United States Sentencing Guidelines that his sentence be no more than 12 months. In addition the defendant hopes the Court will consider pursuant to Section 3553(a) that:

1. The defendant was 27 years old at the time of his arrest and has never been in prison before. This is his first conviction for any crime.
2. The defendant entered the conspiracy at a very late stage and participated for a short period of time.
3. His profits from the criminal activity were minimal.
4. He was drawn into the conspiracy by a long time family friend, Anthony Zoccolillo, who knew the defendant and his mother were in financial distress.
5. At the present time this conduct is illegal and the defendant knew it was illegal but the general public, Congress, and the Department of Justice are currently reevaluating what the future of this illegal conduct will be.
6. The defendant does know he made a mistake and is committed to not engage in criminal activity again.

In conclusion the defendant begs the Court to sentence the defendant to no more than 12 months or to whatever less punishment the Court deems appropriate under 18 U.S.C. 3553.

Respectfully submitted,

*Mathew J. Mari*

Mathew J. Mari

cc: A.U.S.A. Rebecca G. Mermelstein, Esq. (By Email & ECF)
A.U.S.A. Peter M. Skinner, Esq. (By Email & ECF)

# EXHIBIT A

Attorney General Holder's Memorandum to U.S. Attorneys

_____

*Exhibit to big to file, hard copies given to Judge and AUSA*

# EXHIBIT B

Justice Department's Report to U.S. Sentencing Commission

_____

*Exhibit to big to file, hard copies given to Judge and AUSA*