

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*1 St. Andrews Plaza*
*New York, New York 10006*

June 12, 2014

**BY EMAIL AND ECF**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10006

        Re:    **United States v. Joseph Basciano**,
                S3 13 Cr. 340 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this letter in connection with the sentencing of defendant Joseph Basciano, which is scheduled for July 2, 2014 at 3:30 p.m.  In defense counsel's letter dated June 11, 2014, the defendant's principle argument is for a two-level downward variance from the applicable base offense level set forth in United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1 in order to account for the anticipated amendment to that Guideline provision.  He also seeks leniency as a result of his age, his relatively short participation in the conspiracy, and his lack of any prior criminal history.  In light of the defendant's connections to organized crime and the nature of the instant offense, however, the Government respectfully submits that the Court should sentence the defendant within the currently applicable Guidelines range of 18 to 24 months' imprisonment.  A Guidelines sentence is entirely appropriate to promote respect for the law, protect the public, and to punish the defendant's criminal conduct.

    I.    **Background and Offense Conduct**

      As detailed in the Presentence Investigation Report ("PSR"), the defendants in this case were involved in the large scale purchase, transportation and sale of marijuana.  Certain defendants procured large quantities of marijuana in California for shipment to New York.  (PSR ¶¶ 18-24). The marijuana was sent to, among others, co-defendant Salvatore Larca, a Genovese soldier, for further distribution.  (PSR ¶ 27).  This defendant procured marijuana from Larca for further distribution on a marijuana route in Westchester County, which was operated by co-defendant Elon Valentine. (PSR ¶ 27).  Indeed, this route was "gifted" to Joseph Basciano by

Hon. Richard J. Sullivan
June 12, 2014
Page 2 of 4

Salvatore Larca after its prior operator, Vincent Bruno,[1] was arrested.  In return, Joseph Basciano agreed to share his profits with Vincent Bruno's family.  The route sold approximately 7 to 10 pounds of marijuana a week.

On September 17, 2013, a grand jury returned an indictment, which charged the defendant with one count of conspiring to distribute more than 100 kilograms of marijuana in violation of Title 21, United States Code, Sections 846 841(a)(1) and 841(b)(1)(B).  On September 18, 2014 the defendant was arrested and was released on a bond.

### II.      Plea Agreement and Criminal History

On February 24, 2014, the defendant pled guilty, pursuant to a Plea Agreement (the "Plea Agreement"), to the lesser included offense of conspiracy to distribute marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).  Because the offense involved 20 to 40 kilograms of marijuana, the Plea Agreement calculated an offense level of 15. (PSR ¶ 3).

The Plea Agreement also concluded that the defendant's criminal history put him in Criminal History Category I.  (PSR ¶ 3).  At offense level 15, and Criminal History Category II, the defendant's stipulated Guidelines range is 18 to 24 months' imprisonment.  (PSR ¶ 3).

### III.     The Court Should Sentence Basciano Within the Current Guidelines Range

The Government respectfully submits that sentence within the current Guidelines is appropriate for this defendant.  The defendant's primary basis for requesting a below-Guidelines sentence is his request that the Court give him the benefit of a pending Guideline amendment.  That Guideline, however, has not yet gone into effect.[2]  Nor do the 3553(a) factors suggest that leniency is appropriate in this case.  The defendant claims, for example, that he should be credited for having entered the conspiracy late and having participated for a short time.  But the defendant has already been credited for the length of his participation in the conspiracy because his Guidelines range reflects the lower quantity of marijuana distributed during the shorter time frame of his participation.  Moreover, and perhaps more significantly, the defendant's marijuana distribution ceased as a result of his arrest – not as a result of any personal decision to end his participation in criminal activity.  Had the Government not put an end to his marijuana route, there is no reason to believe the defendant would have stopped on his own.  Thus, the defendant's shorter involvement with the conspiracy was simply a matter of luck and in no way supports a reduced sentence.

---

[1] Vincent Bruno was charged separately in Indictment 13 Cr. 120 (KMW), for his participation in the above referenced marijuana conspiracy as well as a separate cocaine conspiracy.  On or about January 28, 2014, Judge Wood sentenced Bruno to concurrent terms of 108 month's imprisonment.

[2] As the Court is aware, pursuant to Department of Justice policy, the Government has taken the position that certain defendants should receive a downward variance in order to effectuate the pending Guideline amendment to § 2D1.1.  The Government does not, however, believe that a downward variance is appropriate for defendants like Basciano who have ties to organized crime.

Hon. Richard J. Sullivan
June 12, 2014
Page 3 of 4

      The defendant also requests credit for the fact that he was 27 years old at the time of his arrest and has no prior convictions. That too, however, has already been taken into account by the fact that he is in Criminal History Category I. Notwithstanding the defendant's lack of prior convictions, the circumstances of the offense also make clear that he had serious criminal connections. It is highly unlikely, that Salvatore Larca, a Genovese soldier, would have gifted a lucrative marijuana route to an individual who had previously led a completely law abiding life. Indeed, in one consensually recorded meeting, Salvatore Larca said that he did not want to give the route to the defendant's brother, Vincent Basciano, because Larca was afraid Vincent Basciano would screw it up. This suggests that prior to his involvement in this conspiracy Joseph Basciano had sufficiently established his bona fides as a narcotics distributor to be trusted by Salvatore Larca. Moreover, the defendant clearly had an eye into the farther reaching aspects of this conspiracy. For example, in a consensually recorded meeting on March 7, 2013, the defendant discussed both the status of Christopher Nrecaj's pending criminal charges and the individual who had taken over Frankie Frokaj's marijuana route since Frokaj's arrest. Nrecaj and Frokaj were both members of an Albanian gang, the Wolfpack,[3] to whom Larca supplied marijuana. The defendant's knowledge of the Wolfpack members, of the criminal charges pending against them, and the current workings of their marijuana route, also suggests that his involvement in this offense was not the mere "mistake" he now claims.

      In short, a Guidelines sentence of 18 to 24 months' imprisonment is appropriate for this defendant. Such a sentence is reflective of the seriousness of his criminal conduct and would also help protect the public from the sort of serious criminal behavior in which the defendant was involved.

---

[3] Nrecaj and Frokaj were two of thirteen defendants charged with narcotics and firearms offenses in a case before Judge Daniels. (12 Cr. 600)(GBD). All thirteen defendants have pleaded guilty. On December 3, 2013, Judge Daniels sentenced Nrecaj to a total term of imprisonment of 168 months'. On December 11, 2013, Judge Daniels sentenced Frokaj to 135 months' imprisonment.

### IV. Conclusion

For the foregoing reasons, the Government respectfully submits that the Court impose a sentence within the Sentencing Guidelines range of 18 to 24 months, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                       Respectfully submitted,

                                       PREET BHARARA
                                       United States Attorney

                                By: /s/
                                       Rebecca Mermelstein
                                       Peter Skinner
                                       Assistant United States Attorneys
                                       Southern District of New York
                                       (212) 637-2360/2601

cc: Matthew Mari, Esq.